UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.

JAMIE LEHNER,

    Plaintiff,

v.

HSBC BANK USA, N.A.,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1. This is an action for actual and statutory damages for violations of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 (hereafter the "FCCPA") and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

### PARTIES

4. Plaintiff, Jamie Lehner ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Pinellas, and City of Clearwater.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, HSBC Bank USA, N.A., ("Defendant") is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) as well as the FCCPA.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as well the FCCPA.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Defendant has made at least one attempt to collect an alleged debt from the Plaintiff.

12. Defendant regularly collects debts from consumers such as the Plaintiff.

13. Defendant willfully communicated with Plaintiff via cellular telephone with such frequency as could be expected to abuse or harass Plaintiff.

14. After receiving notice from Plaintiff on separate occasions demanding that Defendant cease and desist from making further contact with Plaintiff via telephone calls,

Defendant willfully continued to place such calls to Plaintiff repeatedly with such frequency as could be reasonably expected to abuse or harass Plaintiff.

15. Defendant placed repeated and continuous non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system.

16. In connection with collection of an alleged debt in default, Defendant placed non-emergency calls to Plaintiff's cellular telephone approximately two-hundred twenty-seven (227) times between December 31, 2011 and February 5, 2012.

17. Defendant placed no fewer than twenty (20) calls to Plaintiff's cellular telephone on January 5, 2012.

18. Defendant placed no fewer than forty-two (42) calls to Plaintiff's cellular telephone on January 24, 2012.

19. By placing approximately two-hundred twenty-seven (227) calls to Plaintiff's cellular telephone between December 31, 2011 and February 5, 2012, Defendant willfully communicated with a debtor with such frequency as would reasonably be expected to harass the debtor.

20. As a result of Defendant's harassment, Plaintiff was required to obtain a new cellular telephone number on February 5, 2012.

21. Because Plaintiff was changing telephone numbers, her cellular telephone provider, Virgin Mobile, would no longer honor her current contractual price term of $25.00 per month.

22. Because Plaintiff was no longer able to keep her same rate with Virgin Mobile, she changed cellular telephone providers at that time.

23. In connection with collection of an alleged debt in default, Defendant placed a call to Plaintiff's new cellular telephone number on April 11, 2012 at 7:33 P.M.

24. Upon information and good-faith belief, the telephone call identified above was placed to Plaintiff's cellular telephone number using an automatic telephone dialing system.

25. Defendant did not place any telephone call to Plaintiff for emergency purposes.

26. Defendant did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's new cellular telephone number.

27. Upon information and good-faith belief, Defendant placed the telephone call to Plaintiff identified above voluntarily.

28. Upon information and good-faith belief, Defendant placed the telephone call to Plaintiff identified above under its own free will.

29. Upon information and good-faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to make and/or place each of the telephone call identified above.

30. Upon information and good-faith belief, Defendant intended to use an automatic telephone dialing system to make and/or place each of the telephone call identified above.

31. Upon information and good-faith belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's cellular telephone number.

32. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and/or emotional distress.

## COUNT I

## VIOLATIONS OF FLA. STAT. § 559.72(7)

33. Plaintiff repeats and re-alleges each and every allegation contained above.

34. Defendant violated FLA. STAT. § 559.72(7) by willfully communicating with a debtor, or any member of her or his family with such frequency as would reasonably be expected to harass the debtor or the debtor's family, or such other conduct reasonably expected to abuse or harass the debtor or any member of the debtor's family.

35. Defendant violated the FLA. STAT. § 559.72 in one or more of the following ways:

   a. Willfully communicating with the debtor or any member of her family with such frequency as could reasonably be expected to harass them, or willfully engaged in other conduct which could reasonably be expected to abuse or harass the debtor or any member of her family in violation of FLA. STAT. § 559.72(7); and

   b. Was otherwise deceptive and failed to comply with the FCCPA.

36. As a result of Defendant's violations as aforesaid, Plaintiff suffered a substantial disruption in her daily routine thus warranting an award of emotional and/or mental anguish damages.

37. As a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated FLA. STAT. § 559.72(7);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATIONS OF 47 U.S.C. § 227(b)(1)(A)(iii)

38. Plaintiff repeats and re-alleges each and every allegation contained above.

39. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

40. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 16th day of May, 2012.

       Respectfully submitted,
       **JAMIE LEHNER**

       By: s/ Alex D. Weisberg
       ALEX D. WEISBERG
       FBN: 0566551
       WEISBERG & MEYERS, LLC
       ATTORNEYS FOR PLAINTIFF
       5722 S. Flamingo Rd, Ste. 656
       Cooper City, FL 33330
       (954) 212-2184
       (866) 577-0963 fax
       aweisberg@attorneysforconsumers.com